## In re CLARK AND WILLOW STREETS CORPORATION.

### No. 29242.

District Court, E. D. New York.

April 5, 1944.

Ehlerman & Crawford, of New York City, for Towers Hotel Corp.

Walter Jeffreys Carlin, of New York City, for Lafayette Nat. Bank of Brooklyn.

GALSTON, District Judge.

The debtor seeks an extension and modification of the bond and the mortgage on the property of the Towers Hotel. From the petition it appears that the mortgage bearing date March 19, 1931 was at the time of reorganization reduced in principal sum to $1,067,000, which is still the amount due. The plan of reorganization was confirmed by order of this court on November 30, 1937, pursuant to which plan the property of the Clark and Willow Streets Corporation, known as The Towers Hotel, was transferred to a new company, The Towers, which was formed for that specific purpose. The latter company took title on May 5, 1938. Also pursuant to the plan, the mortgage was assigned to the Lafayette National Bank of Brooklyn as trustee, and the due date of the mortgage was extended and its terms otherwise modified. The shares of stock of The Towers were placed in a ten year voting trust with Robert D. Elder, Louis G. Kibbe and George V. McLaughlin as voting trustees and holding voting trust certificates representing 80% of the stock issuable to mortgage certificate holders, and 20% to the holders of voting trust certificates of the Clark and Willow Streets Corporation. On May 5, 1938, an agreement of extension and modification of the mortgage referred to in the petition as the 1938 modification was made by The Towers and the mortgage trustee. As a result thereof the mortgage was extended for five years to May 5, 1943. Interest was readjusted for the first two years at 1% a year fixed, plus "if earned" interest up to 2% a year, and for the last three years at 2% a year fixed, plus "if earned" interest up to 2% a year. The Towers agreed to pay its net earnings of each fiscal year to the mortgage trustee to be devoted to the payment of tax arrears, "if earned" interest, a sinking fund, and interest accrued to the effective date, and also agreed that no dividends could be paid. The Towers having with some success operated the hotel during the intervening period now finds it necessary to apply for relief by way of extension of the due date of the mortgage and for certain other modifications which the petition alleges are within the contemplation of article V of the plan of reorganization, and article 11, section 8 of the declaration of trust.

The Lafayette National Bank of Brooklyn, as trustee, filed an answer to the petition and submits that the proposed extension is not a modification and extension of the mortgage but is a modification of the plan of reorganization, and that this court did not reserve in the final decree the right to modify the plan of reorganization itself. A holder of two voting trust certificates, each for ten shares, who also is the holder of two trustee's certificates, each in the sum of $1,000. likewise raises the question of jurisdiction. An affidavit filed by John K. White, special counsel for the New York State Mortgage Commission, who had appeared in the reorganization proceedings, supports the position of the debtor, as does the affidavit of Alfred H. Hetkin, representing holders of certificates in the first mortgage aggregating $283,566.66.

Article V of the plan of reorganization provides: "Before or after the maturity of the bond and mortgage * * * the Mortgage Trustee may agree with the new company upon any further extension and/or any other modification of the bond and mortgage, provided any such further or other extension and/or modification have the approval of the court * * * and have the written approval of the holders of two-thirds in principal amount of the modified first mortgage certificates then outstanding. If the voting trust is still in force, such extension or modification shall also require the written approval of a majority of the voting trustees."

The final decree, filed December 19, 1939, recites: " * * * this proceeding is hereby terminated, except that this court retains jurisdiction as provided in the Plan and in the Declaration of Trust approved by order of this court dated November 30, 1937 with respect to the matters made referable to this court by said Plan and Declaration, namely the matters referred to in Subdivision P of Article IV, and in Article V, and in the 5th paragraph of Article VII of the Plan of Reorganization, and in Subdivisions A, D, H, K and M of Article II of the Declaration of Trust."

The legend stamped on the first mortgage certificates, as provided for in article VI of the plan of reorganization, reads: "Before or after any maturity or extended maturity of the bond and mortgage it may be further extended and/or further modified in the manner provided in the Plan of Reorganization and Declaration of Trust. The terms and provisions of said Plan of Reorganization and the Declaration of Trust

are hereby incorporated into this certificate * * *"

From all of the foregoing I must interpret the language of article V of the plan, which provides for "further extensions and modifications of the mortgage" as limiting the jurisdiction of the court to a consideration of just that, i.e., in the conditions stated, the mortgage trustee may agree with the new company "upon further extension and/or any other modification of the bond and mortgage." Note also the title of the article itself, the legend of which is "Further Extensions and Modifications of the Mortgage."

The trustee likewise directs attention to the terms of the final decree of the court which did not reserve the right to modify article IV, (E), (F), (H) and (I), which are the principal provisions of the plan of reorganization sought now to be modified.

The motion for approval of the proposed 1943 modification is denied, with leave, however, to make appropriate application for the extension and modification of the bond and the mortgage, with specific reference to such provisions of those instruments as would be affected by the desired modifications.

In response to the request of the mortgage trustee for instructions as to foreclosure, it would seem in the light of the successful operation of the hotel during the last number of years to be in the best interests of the certificate holders to defer any application for leave to foreclose until the suggested application is made by the debtor for the relief just indicated, provided, of course, that such application be seasonably made.